UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────

M.C. and D.C., individually and on behalf of
T.C., a child with disabilities,

                      *Plaintiff,*

     -against-

NEW YORK CITY
DEPARTMENT OF EDUCATION,

                      *Defendant.*

**INFANT COMPROMISE ORDER**

Case No. 1:20-cv-05558

───────────────────────────────────────

      Plaintiffs M.C. and D.C., and Defendant New York City Department of Education ("DOE") (together, the "Parties"), having agreed to seek a Stipulation and Order of settlement, have also sought approval to complete the same before this Court.

      Local Civil Rule 83.2(a)(1) requires parties to obtain court approval before settling an action (or, as here, claims thereof) on behalf of a minor child. In determining whether an infant compromise should be approved, the reviewing court "shall conform, as nearly as may be, to the New York State statutes and rules." Local Civil R. 83.2(a)(1). In accordance with the applicable New York statutes and rules, courts in this jurisdiction focus on "whether (1) the proposed settlement is in the infant's best interests; and (2) the proposed attorney's fees and costs are reasonable." *D.J. ex rel. Roberts v. City of New York*, 11- cv-5458, 2012 WL 5431034, at *2 (S.D.N.Y. Oct. 16, 2012), *report and recommendation adopted sub nom., Roberts v. City of New York*, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012) (citing Local Civil R. 83.2(a); N.Y. Jud. Law § 474; N.Y. C.P.L.R. §§ 1205–1208).

"There is a strong presumption that a settlement is fair and reasonable where '(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently.'" *Campbell v. City of New York*, 15-cv-2088, 2015 WL 7019831, at *2 (S.D.N.Y. Nov. 10, 2015) (quoting *Orlandi ex rel. Colon v. Navistar Leasing Co.*, 09-cv-4855, 2011 WL 3874870, at *2 (S.D.N.Y. Sept. 2, 2011)).

Having reviewed all of the documents submitted by the parties, the Court finds that the proposed partial settlement is in the best interest of T.C. and that the proposed agreements, services, fees, and costs addressed are reasonable.

NOW, on motion of JENNIFER RATCLIFF, attorney for the Plaintiff, it is

ORDERED, that M.C. and D.C., the parents and natural guardians of the infant, T.C., are hereby permitted to enter into a compromise and settlement of the infant's claims for relief for the sum of Six Thousand Five Hundred Dollars and Zero Cents ($6,500.00), to be paid by Defendant New York City Department of Education; it is further

ORDERED that the attorney for Plaintiffs RATCLIFF LAW, PLLC, receive the sum of Six Thousand Five Hundred Dollars and Zero Cents ($6,500.00)in compensation for legal services; it is further

ORDERED, that upon full compliance with all the terms of this Order, the parents and natural guardians are authorized, empowered, and permitted to execute and deliver a General Release and any other papers necessary to effectuate the settlement herein.

Date: August 1, 2022  
New York, NY

_____  
Hon. John P. Cronan  
United States District Judge